FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MA...

CIVIL ACTION NO._____

ROY SOMERS,                          )
    Plaintiff                       )
                     )
                     )
vs.                                  )
                     )
JEWISH GERIATRIC SERVICES,           )
INC., and CARR PROPERTY              )
MANAGEMENT, INC.,                    )
    Defendants                      )

# 04-30067-KPN

FILING FEE PAID:
RECEIPT #___305566___
AMOUNT $___150.00___
BY DPTY CLK___MPL___
DATE___4/2/04___

## NOTICE OF REMOVAL

Defendants in the above titled action, by their undersigned attorney, and pursuant to 28 U.S.C. 1441, *et seq.*, state as follows:

1. Defendants exercise their rights under the provisions of 28 U.S.C. §1441, *et seq.*, to remove this action from the Housing Court Department of the Trial Court, Commonwealth of Massachusetts, Hampden County, in which this case is now pending under the name and style: Roy Somers vs. Jewish Geriatric Services, Inc. and Carr Property Management, Inc., Civil Action No. 04CV0083.

2. This is a action in which the Housing Courts of the United States have been given original jurisdiction in that it arises under the laws of the United States as provided in 28 U.S.C. §1331.

3. Specifically, plaintiff alleges a violation of M.G.1.c. 151B § 4, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing Act of 1968.

4. This action was filed on or about February 23, 2004. Summons dated March 1, 2004, and the complaint was served on the defendants on or about February 26, 2004. In accordance with

342887

the requirements of 28 U.S.C. § 1446, this Notice of Removal is filed within 30 days after the service of the summons and complaint upon the defendants.

5.  Pursuant to 28 U.S.C. §1446, the defendants are filing contemporaneously with this Notice of Removal copies of the following served upon it in this action (attached hereto):

   (a) Summons dated March 1, 2004;

   (b) Complaint.

6.  Based on the foregoing, the defendants respectfully request that this action be removed from the Housing Court, Department of the Trial Court of Massachusetts, Commonwealth of Massachusetts, Hampden Division, to the United States District Court for the District of Massachusetts, Western Division, the District where the action is pending.

7.  Written notice of the filing of this Notice will be given to adverse parties.

8.  A copy of this petition will be filed with the clerk of the Housing Court Department, Western Division.

WHEREFORE, the defendants respectfully request that this action be removed to this Court and that this Court accept jurisdiction of this action and that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

THE DEFENDANTS

By_____
Nancy Frankel Pelletier, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.:  544402

342887

## CERTIFICATE OF SERVICE

I, Nancy Frankel Pelletier, Esq., hereby certify that on this _3¹ˢᵗ March_ day of ~~October~~, 2004, I served a copy of the above upon the parties in the action by mailing, postage prepaid, to counsel, Jill Anderson, Esq., and J. Paterson Rae, Esq., of Western Massachusetts Legal Services, Inc., 127 State Street, 4ᵗʰ Floor, Springfield, MA 01103.

Subscribed under the penalties of perjury.

_____
Nancy Frankel Pelletier, Esq.

342887

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER

# Commonwealth of Massachusetts

HOUSING COURT DEPARTMENT                          WESTERN DIVISION

Civil Action No: __04 CV0083__

A TRUE COPY ATTEST

_Michael Powers_ 3-1

**DEPUTY SHERIFF HND. CTY.**

_____ Roy Somers _____, Plaintiff(s)

v.

Jewish Geriatric Services, Inc.                   **SUMMONS**
Carr Property Management, Inc., Defendant(s)

To the above-named Defendant:

You are hereby summoned and required to serve upon _Jill Anderson, Western Mass. Legal Svcs._, plaintiff's attorney, whose address is _127 State St, 4th Floor, Springfield, MA 01103_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, William H. Abrashkin, Esquire, at Springfield, _____.

_Curtis L. Shaird_
Clerk-Magistrate

NOTES.
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedures.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption. If separate summons are used for each defendant, each should be addressed to the particular Defendant.

cls: 11-16-00

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.

THE TRIAL COURT
HOUSING COURT DEPARTMENT
HAMPDEN COUNTY DIVISION
NO.

| | | |
|---|---|---|
| ROY SOMERS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | VERIFIED COMPLAINT AND |
| v. | ) | REQUEST FOR |
| | ) | TEMPORARY RESTRAINING ORDER |
| | ) | |
| JEWISH GERIATRIC SERVICES, INC., and | ) | |
| CARR PROPERTY MANAGEMENT, INC. | ) | |
| | ) | |
| Defendants | ) | |

COMPLAINT

**Introduction**

1.      Plaintiff Roy Somers is an active, 65 year old disabled individual who seeks to leave the

nursing home where he currently resides and return to living independently.  He brings this action

against Defendants, who have refused to rent an apartment to him because of his disability, in

violation of M.G.l. c. 151B § 4, Section 504 of the Rehabilitation Act of 1973, and the Fair Housing

Act of 1968.  Because of Defendants' discriminatory and illegal conduct, Mr. Somers remains

unnecessarily in a nursing home and has suffered and continues to suffer irreparable injury.

**Parties**

2.      Plaintiff Roy Somers currently resides at the East Longmeadow Healthcare Center, a

-1-

nursing home located at 135 Benton Drive, East Longmeadow, Massachusetts. His sole source of income is $1010 per month in Social Security.

3.        On information and belief, defendant Carr Property Management, Inc. is a Massachusetts corporation whose business is real estate management. Carr Property Management, Inc. is located at 24 Dear Park Drive, East Longmeadow, Massachusetts. Carr Property Management, Inc. manages Genesis House for Jewish Geriatric Services.

4.        On information and belief, defendant Jewish Geriatric Services, Inc. ("JGS") is a Massachusetts nonprofit corporation that provides housing and services for elders. JGS is located at 770 Converse Street in Longmeadow, Massachusetts. On information and belief, JGS owns Genesis House, a federally subsidized housing complex located at 832 Converse Street in Longmeadow.

## Jurisdiction

5.        This Court has jurisdiction of this cause under M.G.l. c. 185C § 3 and under M.G.l. c. 231A § 1.

6.        Venue is proper in that all claims herein arose in Hampden County, Massachusetts.

## Facts

7.        Roy Somers is a 65 year old former machinist and factory worker. While engaged in carpentry work in August 1978, Mr. Somers sustained a spinal cord injury that rendered him quadriplegic. He has very limited use of his hands and arms, and he relies on a motorized wheelchair for mobility. He has retained an active and engaged lifestyle and travels about frequently by wheelchair.

-2-

8.        Following his 1978 injury and two years of in-hospital rehabilitation, Mr. Somers moved into a single family home in Sangerville, Maine. He lived there alone from 1980 to 2000, with part-time personal care to assist him with dressing, bathing, cooking and housework.

9.        In September 2000, Mr. Somers relocated to East Longmeadow, Massachusetts. He moved into the East Longmeadow Healthcare Center, a nursing home, as a temporary measure to be near his son, Alan Somers, who lives in Springfield. Immediately after this move he began searching for a place to live permanently and independently.

10.       In approximately April 2003, while passing by in his wheelchair, Mr. Somers observed the construction of new apartment units at the Genesis House complex at 832 Converse Street.

11.       In approximately April 2003, Mr. Somers submitted an application for tenancy at Genesis House.

12.       Genesis House is federally subsidized housing project for low income elders, receiving funding under Section 202 of the National Housing Act of 1937. On information and belief, Genesis House also received financing from the Massachusetts Affordable Housing Trust Fund.

13.       In approximately July 2003, Mr. Somers telephoned Genesis House to ask about the status of his application and was told he was on a waiting list.

14.       On October 28, 2003, Mr. Somers received a letter from Mary Jacobs-Sherry, a manager at Genesis House, stating that "a handicapped accessible apartment is available for [him]" contingent on his eligibility. The letter invited him to view and apply for the apartment.

15.       On or about November 5, 2003, Mr. Somers and Darlene McConnell, a social worker at East Longmeadow Healthcare Center, met with Mary Jacobs-Sherry at Genesis House. Mr. Somers viewed a one-bedroom unit with living room and kitchen. On information and belief, the apartment number of the unit was E-110. Mr. Somers told Ms. Jacobs-Sherry he wanted the

apartment.    Ms. Jacobs-Sherry told Mr. Somers that he could have the apartment pending confirmation of his financial and age eligibility.  Mr. Somers and Ms. McConnell completed the application for Mr. Somers' tenancy, and they agreed to fax copies of Mr. Somers' birth certificate and financial statement to Genesis House.  Mr. Somers and Ms. Jacobs-Sherry agreed to a move-in date of December 1, 2003.

16.    On or about November 5, 2003, Mr. Somers asked Ms. Jacobs-Sherry if Genesis House could install and electric door opener for the apartment unit, and Ms. Jacobs-Sherry said she thought this would be possible.

17.    On or about November 5, 2003, Ms. Jacobs-Sherry asked Ms. McConnell to provide a list of Mr. Somers' medications.

18.    On or about November 7, 2003, Darlene McConnell sent a list of Mr. Somers' medications to Genesis House.

19.    On or about November 10, 2003, Ms. McConnell faxed Mr. Somers' birth certificate and financial statement to Genesis House.

20.    In late November or early December 2003, an employee of Genesis House told Darlene McConnell that Genesis House would not  install an electric door opener to Mr. Somers' room because this would be too expensive.

21.    On or about December 12, 2003, Mr. Somers and Ms. McConnell, together with Mr. Somers' physical therapist and a skills trainer from Stavros Center for Independent Living, visited Genesis House to determine whether the apartment unit would be accessible without electric door openers.  At that time, Mr. Somers found that he could not independently access the main Genesis House entrance.  A Genesis House manager suggested Mr. Somers try a side entrance.  Mr. Somers could not open that side door from the outside from his wheelchair, as it opened outward and by key.

-4-

Mr. Somers asked that Genesis House install an electric door opener to the side entrance.

22.        On or about December 15, 2003, Ms. McConnell spoke with Ms. Jacobs-Sherry about the status of Mr. Somers' reasonable accommodation request. Ms. Jacobs-Sherry informed her that Genesis House might reject his application, and that Ms. McConnell would have to speak with Christopher Carr of Carr Property Management for further information.

23.        On or about December 17, 2003, after repeated attempts to contact Christopher Carr, Ms. McConnell spoke with him. Mr. Carr asked Ms. McConnell for a list of all services that would be available to Mr. Somers in the community and through MassHealth to assist him in living independently. On or about December 20, 2003, Ms. McConnell mailed such a list to Mr. Carr.

24.        On or about January 6, 2004, Darlene McConnell phoned Christopher Carr's office and was told that Mr. Carr had never received the list of services. Ms. McConnell redrafted the letter containing the list and faxed this to him again.

25.        On or about January 14, 2004, Mr. Somers phoned Christopher Carr to ask about the status of his application. Mr. Carr demanded to know who would be providing care to Mr. Somers and during what hours. Mr. Somers replied that Mr. Carr was not entitled to demand this information. Mr. Carr stated that if Mr. Somers wanted to live at Genesis House, he would have to provide this information.

26.        Stavros Center for Independent Living has approved Mr. Somers for 59.5 paid hours per week of personal care attendant services, to be covered by MassHealth. This includes full overnight attendant services.

27.        On or about January 14, 2004, Darlene McConnell faxed to Mr. Carr job descriptions of Mr. Somers' personal care attendants, together with a copy of Stavros Center for Independent

Living's approval of his personal care service plan.

28.        On January 16, 2004, Mr. Somers contacted Mr. Carr through Ms. McConnell. Mr. Carr said he would decide on Mr. Somers' application by the end of the day. Mr. Somers asked Mr. Carr to call him with that decision by the end of the day. Mr. Carr did not call back with his decision.

29.        On January 17, 2004, Mr. Somers received a letter from Mr. Carr. The letter stated that Genesis House had rejected Mr. Somers' application because it could not provide medical or personal care to Mr. Somers and because the complex might not be able to evacuate Mr. Somers at night in case of fire. The letter provided no mention of a right to appeal this decision. A copy of the letter is appended hereto as Appendix A.

30.        On January 17, 2004, after reading the letter from Carr, Roy Somers became extremely despondent and suffered a severe depressive episode.

31.        On or about January 20, 2004, Stavros advocate Harry Juul contacted Mr. Carr about appealing the rejection. Mr. Carr told Mr. Juul that Mr. Somers could send a letter appealing the decision, and that Mr. Carr would refrain from renting the apartment until the appeal was resolved.

32.        On or about January 27, 2004, Mr. Somers sent a letter of appeal to Mr. Carr.

33.        On or about February 3, 2004, Mr. Somers received a letter from Genesis House, stating that he would be contacted when a hearing on his appeal was scheduled. As of February 23, 2004, Mr. Somers has not received notification of a hearing date from Genesis House.

34.        Defendants denied housing to Mr. Somers because of his disability.

35.        Defendants failed to provide reasonable accommodation for Mr. Somers' disability.

36.        As a result of Defendants' discriminatory actions, Mr. Somers remains in a nursing home unnecessarily, with a small room as his only private area, instead of living on his own as

-6-

he has for the great majority of his life following his injury.

37.    Since 2000 Mr. Somers has been desperately trying to leave the nursing home to live on his own with dignity and independence.

38.    In three years of searching, Mr. Somers has been unable to find housing near his family that is safe, decent, and affordable on his modest income.

39.    Mr. Somers has suffered and continues to suffer humiliation, emotional trauma, and economic loss as a result of Defendants' intentional discrimination. Every day that Mr. Somers remains in a nursing home instead of in independent housing, solely due to Defendants' illegal conduct, constitutes irreparable injury.

40.    Mr. Somers is in need of immediate relief, and he has no adequate remedy at law that could compensate him for Defendants' discriminatory actions.

## CLAIMS FOR RELIEF

### First Claim for Relief:  M.G.l. c. 151B § 4

41.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 40 above.

42.    Plaintiff Roy Somers has a "handicap" within the meaning of M.G.l. c. 151B § 4.

43.    By refusing to reasonably accommodate Mr. Somers' disability, by refusing to rent to Mr. Somers because of his disability, and by inquiring into the nature and extent of Mr. Somers' disability, Defendants discriminated against Roy Somers in violation of M.G.l. c. 151B § 4.

### Second Claim for Relief – Federal Fair Housing Act

44.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through

43 above.

45.        Plaintiff Roy Somers has a "handicap" within the meaning of the Fair Housing Act of 1968 (1988 Amendments).

46.        Through the actions detailed in paragraphs 1 through 41 above, Defendants have violated the federal Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and its implementing regulations at 24 C.F.R. Part 100, by (1) making illegal inquiries concerning disability, and (2) refusing to reasonably accommodate Mr. Somers' disability, and (3) refusing to rent to him because of his disability.

Third Claim for Relief – Federal Rehabilitation Act of 1973

47.        Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 46 above.

48.        Plaintiff Roy Somers has a "handicap" within the meaning of the Rehabilitation Act of 1973.

49.        By excluding him from participation in, denying him the benefits of, and subjecting him to discrimination under federally-subsidized housing programs, solely on the basis of his disability, Defendants have violated Roy Somers' rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and its implementing regulations at 24 C.F.R. Part 8.

RELIEF REQUESTED

Wherefore, under all the foregoing counts, Plaintiff respectfully requests this Court to grant him the following relief:

1.        Issue a temporary restraining order enjoining Defendants or their agents from

-8-

renting the apartment in question to any person other than Roy Somers;

2.      Grant preliminary and permanent injunctive relief:

    (a)      requiring Defendants to issue a lease to Roy Somers for apartment E-110, the unit at issue in this matter,

    (b)      requiring Defendants to reasonably accommodate Mr. Somers' disability by installing electric door openers at the apartment unit entrance and at an entrance to the apartment building, and

    (c)      enjoining Defendants from retaliating against Mr. Somers for exercising his protected rights;

3.      Enter a declaratory judgment pursuant to M.G.l. c. 231A § 1 declaring that Defendants have violated the Fair Housing Act of 1968, the Rehabilitation Act of 1973, and the Massachusetts fair housing provisions at M.G.l. c. 151B

4.      Award appropriate compensatory and punitive damages;

5.      Grant Plaintiff his costs and reasonable attorney's fees for this action; and

6.      Grant such other relief as the Court deems just and proper.

February 23, 2004                                 Respectfully submitted,


                                                  _____
                                                  Jill Anderson
                                                  Attorney for Plaintiff
                                                  Western Mass. Legal Services, Inc.
                                                  127 State Street, 4th fl.
                                                  Springfield, MA 01103-1944
                                                  (413) 781-7814
                                                  (413) 746-3221 FAX
                                                  BBO # Pending


                                                  _____
                                                  J. Paterson Rae
                                                  BBO#410520
                                                  Attorney for Plaintiff
                                                  Western Mass. Legal Services, Inc.
                                                  127 State Street, 4th fl.
                                                  Springfield, MA 01103-1944
                                                  (413) 781-7814
                                                  (413) 746-3221 FAX


I, Roy Somers swear or affirm that the facts alleged in the foregoing Complaint are true, to the
best of my knowledge and belief.

*Roy A. Somers*
*P.O. Box 161*
*Sangerville, ME 04479*

_____
Roy Somers

Dated: Feb 23, 2004


I, Jill Anderson, attorney for Roy Somers, certify that the above stamp bearing Roy Somers'
name was placed by my hand at Roy Somers' direction and in his presence, because Mr. Somers'
disability physically prevents him from signing this document by his own hand.


_____
Jill Anderson

Dated: Feb 23, 2004


-10-

APPENDIX   A

# Genesis House

*8?2 Converse Street*

*Longmeadow, Massachusetts 01106*

January 16, 2004

Mr. Roy Somers
East Longmeadow Health Care Center
185 Benton Drive
East Longmeadow, Massachusetts 01008

Dear Mr. Somers:

After much review and careful determination, we are declining your application for admission to Genesis House III.

Whereas you meet the age requirements and are financially eligible, this review is based on two very important issues:

1.   Per the letter of your social worker, you are looking for an assisted living unit. Genesis House is not an assisted living facility. Genesis House is an independent elderly community, and we are not equipped in any fashion to offer meals, housekeeping services, nutrition, medicine administration, nursing care, nor do we have the in-house ability to furnish help with any of the ADL's that you would require on a daily basis.

2.   After review, we find the amount of care indicated in your service plan is 59.5 hours. Accordingly, this would leave you alone during the night, unassisted and unattended, for approximately seven hours per night. In the case of a fire or other serious emergency, we would not be able to accommodate your needs, especially for evacuation purposes. This would leave you at risk and could endanger your life, as well as the lives of our other residents.

Accordingly, we must reject your application.

Very truly yours,

Christopher M. Carr
Property Manager

Telephone (413) 567-0850  •  Fax (413) 567-7002  •  TTY 800-545-1833, Ext. 142

*"Equal Housing Opportunity"*